ORIGINAL

FILED
APR - 5 2004
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT
OF
FEDERAL CLAIMS

| | |
|---|---|
| MORGANTI FLORIDA, INC. | 04-577C |
| Plaintiff | CIVIL ACTION NO. |
| v. | |
| UNITED STATES OF AMERICA, | APRIL 2, 2004 |
| Defendant | |

## COMPLAINT

COMES NOW the Plaintiff, Morganti Florida, Inc., by counsel, and for its Complaint against Defendant, the United States of America, acting by and through the United States Postal Service, states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491. Morganti Florida, Inc. brings this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.*



LRP/13626/53/672745v1
04/02/04-HRT/

2. All conditions precedent to the filing of this action have been satisfied.

**PARTIES**

3. Plaintiff, Morganti Florida, Inc. ("Morganti"), is a corporation organized and existing under the laws of the State of Florida with a principal place of business located at 1450 Centrepark Blvd. Suite #260, West Palm Beach, Florida.

4. The Defendant is the United States of America acting through its agency, bureau, instrumentality, and/or agent, the United States Postal Service ("USPS").

**FACTS**

5. On or about February 14, 1997, Morganti executed an agreement (the "Construction Contract") with the USPS for the construction of a project known as Building Expansion Jacksonville, FL – Bulk Mail Center, Contract Number 475450-97-B-0046 (the "Project").

6. On divers days thereafter, Morganti performed the Construction Contract and achieved Substantial Completion.

7. Subsequent to Substantial Completion of the Project, Morganti was informed by the USPS that certain areas of paint system applied to the interior ceiling decking on the Project were peeling, flaking and spalling (the "Paint Damage"). The

subject paint had been applied by Morganti's paint subcontractor upon steel decking furnished and installed by Morganti's steel subcontractor.

8. On or about April 1, 2000, Morganti received a demand from the USPS to remediate the Paint Damage (the "Demand").

9. Subsequent to the Demand, Morganti, Morganti Group, Inc.[1] ("Morganti Group") and the USPS investigated further the cause of the Paint Damage, and Morganti, Morganti Group and the USPS also held numerous discussions regarding the Demand.

10. On or after April 8, 2003, Morganti Group received a notification from the USPS Contracting Officer, which stated that it was the final decision of the contracting officer; that Morganti Group was fully responsible for the Paint Damage; and that Morganti Group was to take immediate action to correct the Paint Damage (the "Final Decision"), a copy of which is attached as Exhibit A.

11. The Final Decision states in relevant part that "[b]ased upon the above facts, it is obvious that you are fully responsible for the paint system failure. In accordance with the terms of your contract you are hereby directed to take immediate

---

[1] Morganti Group, Inc. is the parent company of Morganti Florida, Inc.

action to correct this deficiency. This includes the complete removal of the applied system and application of a contractually acceptable system. . . . Failure to respond with an acceptable course of action will force us to seek alternate means of correcting the defect. That may involve having the work performed by your bonding company or contracting for the work directly and seeking recovery through legal action. It is estimated that this corrective work will cost $2.5 million. This is a final decision of the contracting officer pursuant to the Contract Disputes Act of 1978 and the clause of your contract entitled Claims and Disputes."

12. This appeal is being brought within one year of the Contracting Officer's Final Decision, and, accordingly, this appeal is timely filed.

**COUNT I**

13. Morganti incorporates by reference the allegations contained within Paragraphs 1 through 12 of the Complaint as if set forth herein.

14. The Demand by the USPS to remediate the Paint Damage constitutes a government claim against Morganti within the meaning of § 605(a) of the Contract Disputes Act of 1978.

15. The Contracting Officer's correspondence dated April 8, 2003 states that it is the Contracting Officer's Final Decision regarding the aforementioned government claim.

16. The Contracting Officer's Final Decision wrongfully and incorrectly concludes that Morganti is responsible and liable for the Paint Damage.

17. The Contracting Officer's Final Decision wrongfully and incorrectly concludes that Morganti is obligated to correct the Paint Damage with a complete removal of the applied system and application of a new and acceptable paint system.

18. Morganti did not cause and is not responsible or liable for the Paint Damage and should not have been ordered to remove and replace the paint system at its expense.

19. Following receipt of the Final Decision, Morganti provided the Contracting Officer with additional relevant information regarding the cause of the Paint Damage, which indicated that: (1) the paint system, which was required by the Project's technical specifications that the USPS provided Morganti as part of the Construction Contract, was not proper for and incompatible with the decking surface to which it was to be applied; (2) the USPS and its consultants approved the substitution of a paint

product that was also improper for and incompatible with the intended application; (3) the inappropriateness and incompatibility of the specified and approved paint system and paint product was the proximate cause of the Paint Damage; and (4) it is not necessary to apply a new paint system to remediate the condition.

20. As a result of the foregoing, the Final Decision should be reversed, vacated and nullified.

WHEREFORE, Morganti Florida, Inc. respectfully requests that this Court enter judgment against the defendant on Count I of the Complaint, reverse, vacate and nullify the Contracting Officer's Final Decision, and award Morganti Florida, Inc. all relief provided for under the Construction Contract, attorneys fees, costs and such other appropriate relief as this Court deems proper.

**COUNT II**

21. Morganti incorporates by reference the allegations contained within Paragraphs 1 through 19 of the Complaint as if set forth herein.

22. The interior ceiling was constructed with hot-dipped galvanized steel.

23. The galvanizing process coats the steel with a layer of zinc (the "Zinc Coating") that protects the steel from corrosion or other deterioration.

24. The Zinc Coating was not adversely affected by the Paint Damage and continues to provide full protection to the steel.

25. The protection provided by the Zinc Coating makes the application of a new paint system unnecessary.

26. The application of paint over the Zinc Coating is for cosmetic purposes only.

27. The cost of applying a new paint system following the removal of the existing paint would be an unnecessary, wasteful and excessive remedy, because a completely suitable and acceptable remedy would be the removal of the existing paint only.

28. The Final Decision states that the estimated cost to remove the existing paint system and apply an acceptable paint system is $2.5 million.

29. The remedy required in the Final Decision, given the cosmetic-only function of the paint system over the Zinc Coating, must not be enforced, because it violates the doctrine of economic waste.

30. The Final Decision, therefore, should be reversed, vacated and nullified.

WHEREFORE, Morganti Florida, Inc. respectfully requests that this Court enter judgment against the defendant on Count II of the Complaint, vacate the Contracting Officer's Final Decision and award Morganti Florida, Inc. all relief provided for under the Contract, attorneys fees, costs and such other appropriate relief as this Court deems proper.

Dated this 2nd day of April 2004

Respectfully submitted,

MORGANTI FLORIDA, INC.
By Counsel

Louis R. Pepe
Pepe & Hazard, LLP
Its Attorney
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel No. (860) 522 5175
Fax No. (860) 522-2796

Attorney for the Plaintiff



LRP/13626/53/672745v1
04/02/04-HRT/

Supply Management, Facilities Portfolio

UNITED STATES
POSTAL SERVICE

April 8, 2003

Mr. Vincent R. Simone
Senior Vice President CM Division
The Morganti Group, Inc.
100 Mill Plain Road
Danbury, CT 06811

Dear Mr. Simone:

RE: Jacksonville, FL– BMC Expansion
Contract No. 475450-97-B-0046

During the one year warranty period of the above referenced project, your office was advised of a problem regarding paint peeling from the underside of the galvanized roof decking. Numerous meetings were held and tentative agreements were reached with regard to your correction of this defect. To date, no action has been taken to correct the deficiency and the problem has continued to deteriorate. Over the course of the past three years we have attempted to resolve this problem directly with your office without having to take legal action. Your inability to satisfactorily correct this defect now requires us to pursue a different course of action.

The US Postal Service commissioned the services of Jacobs-Gilbane to have an independent testing agency determine the cause of this paint system failure. The results of this test indicate the following:

- During the submittal process, a request for substitution of the specified paint system was made and it was approved by the Architect of Record.
- The approved alternate paint was Springmaster Alkyd semi-gloss drywall.
- The original project specification and the manufacturing information included with the approved substitute paint system required galvanized metal to be primed prior to painting.
- The analysis performed on the actual paint samples taken from the Jacksonville BMC found that no primer was used and the paint applied to the roof deck was an acrylic paint and not the approved alkyd paint.

Based on the above facts, it is obvious that you are fully responsible for the paint system failure. In accordance with the terms of your contract, you are hereby directed to take immediate action to correct this deficiency. This includes the

4301 Wilson Boulevard, Suite 300
Arlington, VA 22203-1840
703 526-2786 FAX 703 526-2747

complete removal of the applied paint system and application of a contractually acceptable paint system.

The Jacksonville Bulk Mail Center is a fully operational mail processing facility that is open 24 hours a day, seven days a week. All corrective work will need to be scheduled so as not to impact mail processing operations. An extensive phasing plan will be required that involves performance of the corrective work during non-peak hours. Please advise this office within ten days of receipt of this letter of your intended course of action to mitigate this problem along with a proposed schedule for accomplishing the work. Failure to respond with an acceptable course of action will force us to seek alternate means of correcting this defect. That may involve having the work performed by your bonding company or contracting for the work directly and seeking recovery through legal action. It is estimated that this corrective work will cost approximately $2.5 million.

This is the final decision of the contracting officer pursuant to the Contract Disputes Act of 1978 and the clause of your contract entitled Claims and Disputes. You may appeal this decision to the Postal Service Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within 90 days from the date you receive this decision. The notice should identify the contract by number, reference this decision, and indicate that an appeal is intended. Alternatively, you may bring an action directly in the United States Court of Federal Claims within 12 months from the date you receive this decision.

By copy of this letter, we are putting your bonding company on notice of this directive.

Sincerely,

Robert Fraga
Contracting Officer

cc: American Home Assurance Company
United States Fidelity and Guaranty Company
Garry M. Sparks, USPS
Mark E. Dennett, USPS Attorney

4301 Wilson Boulevard, Suite 300
Arlington, VA 22203-1840
703 526-2786 FAX 703 526-2747